IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 06-cr-00469-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HOWARD DAVIS,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Sentencing Hearing:  Order)

_____

    Proceedings before the HONORABLE WALKER D. MILLER, Judge, United States District Court for the District of Colorado,  commencing at 9:10 a.m., on the 4th day of January, 2008, in Courtroom A902, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    SUNEETA HAZRA, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

    SUSAN FISCH, Assistant Federal Public Defender, 633 17th Street, 10th Floor, Denver, Colorado, 80202, appearing for the defendant.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Janet M. Coppock, 901 19th Street, Room A-257, Denver, Colorado, 80294, (303) 893-2835

1    PROCEEDINGS

2        THE COURT:  The report, then, is incorporated by

3    reference as part of my findings and conclusions concerning

4    this sentencing.  And subject to ruling on the defendant's

5    objections, I would briefly summarize the guideline

6    recommendations of the report.

7        The report bases its recommendations upon Section

8    2A2.2 of the guideline manual which, of course, is a basic

9    issue that I must decide, but starting with that base offense

10   level then of 14, it is enhanced because of a bodily injury at

11   three levels, and then further advanced by two levels because

12   of the conviction under Section 111(b) which provides for

13   enhanced sentencing with injury, and then another three levels

14   pursuant to Section 2A2.2(b)(6).  It results in yet another

15   enhancement under Section 3A1.2 of three levels because of the

16   official victim.  And finally, the officer recommends an

17   enhancement of two levels for obstruction of justice concluding

18   that the defendant in his testimony essentially perjured

19   himself.

20       This results in an adjusted offense level of 24 for

21   Count 1, as well as Count 2.  And with the multiple count

22   adjustments, an additional two levels are added resulting in

23   Offense Level 26.

24       The criminal history involves prior convictions, as

25   well as the fact that when the offense was committed, he was

1   serving a custodial sentence and it was committed within two

2   years of release from custody from a North Carolina court all

3   resulting in a total criminal history points of nine placing

4   him in Criminal History Category IV.

5          With those conclusions, the guidelines recommend a

6   sentence of 92 to 115 months, custody -- supervised release of

7   two to three years.  He would not be eligible for probation.

8   The fine range is $12,500 to $125,000, and the special

9   assessment is $100 on each count.

10      (A portion of the proceedings was not transcribed.)

11          THE COURT:  All right.  As I have indicated by my

12  questions, I do recall the issue of the government proceeding

13  under the theory that the defendant was charged pursuant to

14  Section 111, Subparagraph (b) of the indictment and as

15  indicated the instructions confirm that.  And the key was an

16  issue of bodily injury and the jury was instructed, as I noted

17  and did make a determination which the government concedes even

18  under the guideline definitions is not its basis, but rather I

19  should decide that there was indeed a serious bodily injury,

20  extreme physical pain, protracted impairment of a function of a

21  bodily member, organ, et cetera, requiring -- or requiring

22  medical intervention.

23          There was some testimony concerning that that

24  certainly physical pain and discomfort was involved, but it was

25  not -- the testimony, as I recall, and there is none presented

1    here today that would classify the result of the fight,

2    scuffle, however you characterize it, resulted in serious

3    bodily injury to either of the officers.

4         The argument concerning a deadly weapon, I would agree

5    that certainly boots or something of that nature could result

6    in being a deadly weapon.  And there was evidence as to what

7    the defendant did with tightening up his boots and that this

8    was some evidence of aggression.  And the fighting that did

9    occur did involve kicking out with the feet, but I would under

10   the circumstance not conclude that the government has met its

11   burden that the boots were a dangerous weapon being used with

12   the intent to cause bodily injury.

13        And the third alternative is the intent to commit

14   another felony would have the same difficulties as we have

15   discussed with regard to whether or not the jury was involved

16   in the decision making.  Clearly it was not.  The other felony

17   would be interfering with the duties of the officer.  And the

18   struggle that occurred was an interference with the officer,

19   but I am not inclined to conclude that it was done with the

20   intent that would be required with the evidence presented at

21   trial and, of course, there is no evidence presented here

22   today.  So I do conclude that the aggravated assault guideline

23   would be inapplicable and the guideline provided by Section

24   A2.4 would be decisive in deciding what the guideline

25   recommended sentence should be.

1    As I indicated by my questions, it seems to have been

2  a conclusion of the commission that even using physical force

3  which causes bodily injury without the aggravating

4  circumstances would result in a 15 offense level enhancement

5  because of the physical contact and bodily injury.

6    The remaining issue is that of whether or not

7  obstruction of justice should be applied.  I remember the

8  defendant's testimony as being unusual involving circumstances

9  beyond the direct confrontation.  I remember also being

10  unconvinced that he was not acting aggressively and was not

11  surprised by the jury's verdict, but also am well aware from

12  years of experience with witnesses, both as an attorney and as

13  a judge, that seldom do eyewitnesses have the same version of

14  what transpired before them.  And certainly with individuals

15  involved in physical contact what they remember and what they

16  may be portrayed can be two different things without a

17  deliberate attempt to give false testimony.  And I will

18  conclude that the government did not meet its burden in proving

19  the defendant engaged in an obstruction of justice.

20    The -- if I can find the right summary here from the

21  probation officer.  Accordingly, the guideline calculation as

22  the officer provides in her addendum would be revised to result

23  in an offense level of 15, increased by two so-called units to

24  17 because of the conviction on both counts.  And the resulting

25  guideline range then is 37 to 46 months.  The fine range is

1   five to $50,000.

2              (A portion of the proceedings was not transcribed.)

3        *THE COURT:*  All right.  Well, as we know, the

4   sentencing process is one of considering the so-called Section

5   3553(a) factors.  The government is correct in emphasizing the

6   nature and circumstances of the offense.  Regardless of the

7   perceived reason or justification for the response of the

8   defendant to any aggressive or other acts by the officers, the

9   jury clearly found and the evidence demonstrated that the

10  defendant was an aggressor under circumstances where he was in

11  custody and is activity that is completely inconsistent with

12  law enforcement purposes.

13             But as indicated, I am also struck by the offense

14  level established by the United States Sentencing Guidelines,

15  which are not binding, but I do always consider the

16  recommendations carefully as they are a product of extensive

17  study and experience and certainly beyond the capacity of any

18  particular judge, so it gives me some frame of reference of

19  thinking in terms of what's an appropriate sentence.

20             It is a factor in my judgment as to what is a

21  consistent or a non-disparate sentence to arrive at the

22  conclusion that where although certainly serious conduct,

23  serious injury did not result.  The range of sentence suggested

24  by the guidelines seems to be for someone with this background

25  three to five years, let's say.

The history and characteristics of the defendant are curious. He does have the criminal history which has generally been nonviolent, but also indicates a history that is not involved as being the stereotypical productive member of our society and virtually no work experience. And one can infer conclusions from that, particularly with regard to his drug convictions.

I do think this is a serious offense, and in trying to determine what is a just and reasonable sentence, I take into account that as we know, regrettably, people in custody can be abused, but the system does deal with dangerous people. And abiding with established rules are required and they have to be considered a serious offense in my judgment to have assaultive behavior like this when officers, even assuming they were doing something inappropriately, were engaged in their duties. So a just punishment certainly calls for a custodial sentence that's in addition to the custodial sentence he is serving and therefore must be consecutive.

It is also important, I believe, to deter similar conduct. And as the government points out, if an individual can be involved in assaultive behavior with a long prison sentence and then only serve a concurrent sentence, there would be little deterrent effect. It's also important to remember to protect the public, and the public in this instance includes the prison system that has custody of this defendant, and that

1   means that he should be punished for improper acts as found by

2   the jury.

3           There has been no suggestion that he needs any

4   particular training or medical care or correctional treatment.

5   And as I have indicated, it would appear that an appropriate

6   sentence for this sort of activity without a weapon would be

7   consecutive and in the range of three to five years.

8           The guidelines suggest something in the neighborhood

9   of four years and I am comfortable thinking in terms of three

10  and a half to four years consecutive sentence.  As I usually

11  do, I will give the benefit of the doubt to the defendant and

12  sentence him to 42 months consecutive sentence as one that is

13  appropriate for a serious offense as I indicated.

14          Any questions about my ruling?

15          *MS. HAZRA:*  No, Your Honor.

16          *MR. FISCH:*  No, Your Honor.

17          *THE COURT:*  I would ask that the defendant stand with

18  counsel at the microphone and we will proceed.

19          Pursuant to the Sentencing Reform Act, it is my

20  judgment that the defendant be committed to the custody of the

21  Bureau of Prisons for a term of 42 months on each count to be

22  served concurrently, but consecutive to the defendant's

23  imprisonment pursuant to the judgment from the United States

24  District Court in the Middle District of North Carolina, Case

25  No. 97-CR-166.

1          Upon release, he is placed on supervised release for a

2     term of three years on each of Counts 1 and 2 to run

3     concurrently and concurrently with the term of any supervised

4     release from the North Carolina District Court.  He shall

5     report within 72 hours of release from the Bureau of Prisons.

6          While on supervised release, he shall not commit

7     another federal, state or local crime; shall not possess a

8     firearm; and shall comply with the standard conditions adopted

9     by this Court.

10          Defendant shall not unlawfully possess controlled

11     substances and refrain from any unlawful use thereof; and

12     submit to periodic drug tests, one within 15 days of release

13     and two thereafter.

14          Defendant, if not already done, shall cooperate in the

15     collection of a DNA sample.

16          I do order that he pay the special assessment of $200,

17     but find he does not have the ability to pay a fine and waive a

18     fine in this case.

19          I would advise you that you have a right to appeal the

20     conviction and sentence.  If you wish to do so, you must file a

21     notice of appeal within 10 days of entry of judgment or you

22     lose the right to appeal.  If you cannot afford an attorney to

23     represent you on appeal, the Court would appoint one to

24     represent you.  And also the Clerk of this Court, if requested,

25     would assist you in preparing and filing a notice of appeal.

**REPORTER'S CERTIFICATE**

I certify that the foregoing is a correct transcript from
the record of proceedings in the above-entitled matter.  Dated
at Denver, Colorado, this 4th day of January, 2008.


                        _____S/Janet M. Coppock____